In the Matter of STEVEN J. ROMER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 11, 1991

### APPEARANCES OF COUNSEL

*Barbara S. Gillers* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Steven J. Romer,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Petitioner Departmental Disciplinary Committee for the First Judicial Department moves for an order suspending respondent from the practice of law pending the final disposi-

tion of all criminal proceedings against him or, in the alternative, pending final resolution of the disciplinary charges against him. The suspension is sought, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), on the grounds that there is uncontroverted evidence of respondent's professional misconduct and that respondent has failed to comply with the Committee's demands with respect to the investigation.

Respondent seeks permission to resign from the practice of law. This request is denied since his affidavits fail to comply with 22 NYCRR 603.11 (a).

Respondent was admitted to practice in the Second Department in 1968 and, during the period pertinent to this proceeding, maintained an office for the practice of law in the First Department.

The Committee asserts that respondent engaged in a pattern of misusing millions of dollars of escrow funds by depositing clients' money to be so held in his escrow account, withdrawing the money shortly thereafter, depositing it into a personal account and using it to purchase, in his own name, certificates of deposit, which he would then pledge as collateral for personal loans. Petitioner has submitted evidence, including copies of affidavits from respondent's former clients, bank statements, and copies of checks, to support these allegations. This constitutes uncontroverted evidence of professional misconduct and warrants suspension. *(See,* 22 NYCRR 603.4 [e] [1] [iii].) Respondent refers to a 19-page letter, dated February 23, 1991, to, *inter alia,* the Disciplinary Committee, in which he denies any wrongdoing and claims that he has been "set-up and framed as part of an international 'coverup operation' ". While he asserts that this controverts petitioner's allegations of misconduct, suffice it to say, the letter is not a sworn statement. In view of this conclusion, it is unnecessary to decide at this time whether respondent should be suspended pursuant to 22 NYCRR 603.4 (e) (1) (i).

Accordingly, pursuant to 22 NYCRR 603.4 (e) (2), respondent is suspended from the practice of law forthwith and until further order of this court. We also direct respondent to cooperate with the Committee's investigation.

SULLIVAN, J. P., ROSENBERGER, KUPFERMAN, ASCH and KASSAL, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective forthwith, and until the further order of this court, and respondent is directed to cooperate with the Departmental Disciplinary Committee's investigation.